UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | ) Bankruptcy Case |
| | ) No. 08-61072-fra11 |
| SOUTH STAR OIL COMPANY, | ) |
| | ) MEMORANDUM OPINION |
| Debtor. | ) |

## I. INTRODUCTION

The debtor-in-possession is an Oregon partnership which owns or operates gasoline service stations in southern Oregon. The Debtor's petition for relief under Chapter 11 was filed on April 4, 2008.

The United States Trustee, joined by several creditors, has filed a motion to appoint a Chapter 11 trustee, or, in the alternative, to convert the case to one under Chapter 7, or dismiss the case altogether. The matter was heard on August 20, 2008. The U.S. Trustee announced at the beginning of the hearing that he was withdrawing his motions to convert or dismiss. One of the creditors which had joined in the original motions, South Valley Bank, indicated that it still believed the Court should dismiss or convert the case.

// // //

// // //

Page 1 - MEMORANDUM OPINION

After considering the evidence and testimony of the parties, the Court concludes that a trustee should be appointed pursuant to Code § 1104.

## II. FACTS

The debtor-in-possession's schedules reveal that it owns or operates ten gas stations valued at $5.7 million. The stations owned by the Debtor are subject to debt roughly equal to their value. In addition the Debtor discloses unsecured debt of $3.6 million, including a significant debt owed to a supplier, discussed in more detail below. Debts exceed assets by roughly $2.74 million.

Testimony reveals that the debtor-in-possession has not been profitable since 2005. It is presently not servicing secured debt owed to the Bank of the Cascades and South Valley Bank.

The Debtor's financial information is poorly organized, and it does not provide a clear picture of its cash flow or potential profitability. For example, the U.S. Trustee presented evidence regarding payments to the company's partners as disclosed by the petition and accompanying documents, and original and amended 2007 partnership tax return, and specific discovery on the issue provided to the trustee. These range from a low of $87,533 disclosed by the filing documents to $186,290 ascertained through discovery.

Hayes Oil Company, which supplied petroleum inventory to the Debtor, has filed a proof of claim in the amount of $2,310,957.37. Of this amount, $1,508,614.78 constitutes the value of products sold to the Debtor within the last 20 days preceding the filing of the petition for relief. Hayes asserts a priority claim pursuant to 11 U.S.C. § 507(a)(2)

Page 2 - MEMORANDUM OPINION

and 11 U.S.C. § 503(b)(9) for the value of the goods sold in the last 20 days.

### III. LEGAL CRITERIA

Code § 1104(a) provides:

> (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee –
>
> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor;
>
> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
>
> (3) if grounds exist to convert or dismiss the case under section 1112, but the court determines that the appointment of a trustee or an examiner is in the best interests of creditors and the estate.

Code § 1112 provides that a case may be converted or dismissed for cause. Subsection 1112(a)(4) provides that "cause" includes a number of criteria, including "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation."

Code § 503 provides for payment of administrative expenses, including the value of any goods received by the debtor within 20 days before the date of commencement of a case in which the goods have been sold to the debtor in the ordinary course of the debtor's business. 11

Page 3 - MEMORANDUM OPINION

U.S.C. § 503(b)(9). In the context of a business, such claims are to be paid before all others. § 507(a)(2).

Unless the holder of the claim agrees to different treatment, a claim allowed under § 507(a)(2) must be paid in full on the effective date of the plan. § 1129(a)(9)(A).

## IV. DISCUSSION

If Hayes Oil's claim (which has not been objected to) is allowed, the Debtor will not be able to confirm a plan unless the plan provides for payment on its effective date of over $1.5 million to Hayes. One of the Debtor's partners testified that Hayes had in fact delivered either $1.1 million or $1.5 million in product at the time in question, but that Hayes had been paid $988,000 during the same period. He further admitted, however, that under the Debtor's agreement with Hayes all payments were applied to the oldest open invoice. This would leave $1,322,957.30, more or less, attributable to the 20 day pre-petition period. Even if the amount paid is allocated to deliveries in the last 20 days, if Hayes Oil's claim is accurate (and the Court believes that it is, given the equivocal nature of the Debtor's testimony) there remains a priority claim of roughly $512,000.

Hayes, through its counsel, announced that it would not consent to any treatment other than the full payment it is entitled to under § 1129(a)(9)(A). Nothing in the record suggests that the Debtor can come up with the cash necessary to pay Hayes Oil's claim on the effective date of a plan. The Debtor's property holdings lack any significant equity, and the Debtor has no cash on hand. It follows that it is not reasonably
// // //

Page 4 - MEMORANDUM OPINION

likely that the debtor-in-possession can submit and confirm a plan of reorganization.[1]

Cause for conversion or dismissal exists where there is a substantial or continuing loss to the estate in the absence of a "reasonable likelihood of rehabilitation." The Code does not define what is meant by "rehabilitation," but the term must include, at the very least, successful completion of a plan of reorganization. The evidence here amply demonstrates continuing losses to the partnership. Rehabilitation through a plan submitted by the Debtor is not reasonably likely.

Where cause for dismissal is established, the Court may, in the alternative, appoint a trustee or an examiner if it appears to be in the best interest of the creditors to do so. At first blush, a dismissal of the case appears to be the most likely remedy. However, dismissal would severely prejudice Hayes Oil's claim, since it would not have administrative priority in any subsequently filed case. Conversion to Chapter 7, while it would provide for a speedy liquidation of the debtor's assets, and payment of most of the secured debt, would not allow the estate to avail itself of any value these properties have while they support ongoing businesses. It follows that the best resolution to a difficult situation is the appointment of a trustee under Code § 1104.

// // //
// // //

---

[1] The Debtor's witness acknowledged that successful reorganization depends on reaching an agreement with Hayes.

Page 5 - MEMORANDUM OPINION

1 | The foregoing constitutes the Court's findings of fact and
2 | conclusions of law.  An order will be entered contemporaneously directing
3 | the U.S. Trustee to appoint a trustee pursuant to 11 U.S.C. § 1104.

                    FRANK R. ALLEY, III
                    Bankruptcy Judge