UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE | Bankruptcy Case No. 08-61072-fra7 |
| SOUTH STAR OIL COMPANY, | MEMORANDUM OPINION[1] |
| Debtor. | |

On April 4, 2008, the Debtor, an Oregon general partnership, filed its petition for relief under Chapter 11 of the Bankruptcy Code. Reorganization proved to be impossible, and the case was subsequently converted to Chapter 7 on November 20, 2008. Michael A. Grassmueck, Inc., was appointed Trustee in the Ch. 11 case on September 18, and remains as trustee in the Chapter 7 case.

The Debtor's schedules reflected an "equitable interest" in a gas station and car wash located on Bellvue Drive in Bend, Oregon. The schedules indicate that title was held by Robert, Kevin, Paula and Gina George, the individual partners.

Shortly after Grassmueck, Inc.'s, appointment as Chapter 7 Trustee, the Trustee filed involuntary petitions against partners Robert, Paula and Kevin George. Ronald Sticka was appointed Trustee in the case of Kevin M. George.

Grassmueck, Inc., took possession, and continued operation of the Bend station immediately upon his appointment in the Chapter 11 case. He was advised by the principals of the partnership that the partnership

---

[1]This disposition is not intended for publication.

Page 1 - MEMORANDUM OPINION

owned the station. This is not inconsistent with the schedules: while the individual partners may have held bare title, it is plausible that they had contributed the asset to the partnership. It is clear that they operated the station as a partnership, rather than as individual proprietors.

Whatever the particulars of the ownership of the property, Grassmueck, Inc., as Trustee, sought and obtained the Court's authority to continue to operate the Debtor's businesses, including the gas station in Bend. See the Court's order granting the motion to convert, Document #159. In so doing, the South Star estate collected revenues from the property, saw to the debt service, paid for supplies and employees, insured the property, and undertook all the liabilities, as well as the benefits, of ownership of the property and operation of the business located thereon.

After the estates of the individual partners were established by the involuntary proceedings, the Court directed that Grassmueck, Inc., take the lead in preserving and marketing the property.

Trustee Sticka filed a proof of claim in the amount of $13,990.87, based on his view that the subject property belongs to the Kevin George estate, (jointly with the estate of Robert George), and that the estate he administers is entitled to reimbursement for the fair rental value of the subject property. I reject the claim on two grounds:

1. The value, if any, of the partners' claim against the partnership should be calculated not on the basis of rent, but the benefit received by the partnership estate by its continued possession. In this case, the partnership ran the property at a loss, and no benefit is apparent.

2. Any claim the partners' estates may have against the partnership's estate is subject to offset: the partnership estate has a claim against the partners for the monies is expended to preserve the property. The funds expended exceed the value of any benefit, or of any rental value.

It follows that the claim should be denied. The foregoing constitutes my findings of fact and conclusions of law. Counsel for Grassmueck, Inc., should submit a form of order consistent with this memorandum.

FRANK R. ALLEY, III
Chief Bankruptcy Judge

Page 2 - MEMORANDUM OPINION